# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ROBERT HATCHER, | ) |
| | ) |
|       Plaintiff, | ) |
| v. | )   No. 2:12-cv-163-JMS-DKL |
| | ) |
| RUTH JOHNSON, et al., | ) |
| | ) |
|       Defendants. | ) |

## Entry and Order Directing Dismissal of Action

For the reasons explained in this Entry, the complaint of Robert Hatcher fails to state a claim upon which relief can be granted and the action is therefore **dismissed**

### I.

Hatcher is serving the executed portion of a sentence imposed by an Indiana state court. He alleges that a state appellate judge and two public defenders violated his federally secured rights by delaying resolution of a direct appeal. Hatcher seeks compensation for each day of what he describes as his wrongful confinement and an order directing the defendant public defenders to withdraw from the pending appeal.

### II.

#### A.

Because Hatcher is a "prisoner" as defined in 28 U.S.C. § 1915(h), his complaint must be screened pursuant to 28 U.S.C. § 1915A(b). This statute requires that pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). A complaint falls within this category if it "alleg[es] facts that show there is no viable claim.@ *Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th. Cir. 2008); *see also Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990) ("Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."). Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

In applying this standard, "[a] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). This plausibility can be defeated, however, when a plaintiff pleads himself out of court "by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th. Cir. 2008); *see also Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)("Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

**B.**

Defendant Robb is a state appellate judge. She is alleged to have issued orders in Hatcher's pending appeal. She is entitled to absolute immunity for the actions (judicial rulings) attributed to her. *Mireles v. Waco,* 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). Judicial immunity can only be overcome in two circumstances: (1) when the actions were not taken in the judge's official capacity; or (2) if the action is taken in complete lack of jurisdiction. *Mireles,* 502 U.S. at 11-12.

The other defendants are public defenders. Under authority established for more than a generation, these defendants did not act under color of state law when representing Hatcher in the pending appeal. *See Polk County v. Dodson,* 454 U.S. 312, 324 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case). Hatcher alleges that the public defender defendants have conspired with the defendant appellate judge, but this allegation is nothing but a conclusion. This allegation is not sufficient to plausibly allege that the public defender defendants acted under color of state law in representing Hatcher.

## III.

The foregoing shows that the defendants and each of them cannot be liable to Hatcher under 42 U.S.C. § 1983, and for this reason his complaint fails to state a claim upon which relief can be granted. The dismissal of the action is now mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  07/09/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert Hatcher
#112855
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN   46135